IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWIN A., | § | |
|         PETITIONER, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:24-CV-1363-L-BK |
| | § | |
| U.S. IMMIGRATION AND CUSTOMS | § | |
| ENFORCEMENT, | § | |
|         RESPONDENT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Edwin A.'s *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition when appropriate. Upon review of the relevant pleadings and applicable law, the petition should be **DENIED**.

### I. BACKGROUND

On June 4, 2024, Edwin, an alien detainee in the custody of Immigration and Customs Enforcement ("ICE"), filed this petition for writ of habeas corpus challenging his detention pending removal. Doc. 3 at 1, 6. He seeks immediate release from ICE custody. Doc. 3 at 7. Respondents oppose the relief sought. Doc. 8 at 1. Edwin has not filed a reply.

Edwin, a native of Belgium and a citizen of Ghana, was admitted to the United States on March 18, 2018, on a K-1 visa for a fiancé of a U.S. citizen. Doc. 9 at 14-15. On April 15, 2022, he was arrested and charged with (1) aggravated assault with a deadly weapon; (2) assault of a family member by impeding breath; and (3) interference with a 911 call. Doc. 9 at 14.

Edwin also was previously charged with sexual assault, with no disposition having been reported. *Id*. On July 20, 2023, Edwin was convicted of assault causing bodily injury and sentenced to one year in jail. Doc. 9 at 5, 25; *see* Dallas County case number F22-11991.[1] On July 26, 2023, he was released into ICE custody and immigration court proceedings were initiated upon the filing of a notice to appear. Doc. 9 at 9.

On August 11, 2023, an Immigration Judge ("IJ") ordered Edwin removed to Belgium or, in the alternative to Ghana, under INA § 237(a)(1)(C)(i), for failing to maintain the conditions of his nonimmigrant status. Doc. 9 at 19-20; Doc. 9 at 9. The IJ also denied his application for voluntary departure because of his conviction and prior pending charges. Doc. 9 at 19-20. Edwin appealed the latter decision, and on November 30, 2023, the Board of Immigration Appeals dismissed his appeal. Doc. 9 at 24-27.

ICE promptly began the process of obtaining travel documents. Doc. 9 at 5. The Belgian Consulate, however, denied the travel-document request because Edwin was not a national of Belgium. Doc. 9 at 5. Additionally, in January 2024, ICE requested a travel document from the Ghana Embassy. Doc. 9 at 5. The request included a copy of Edwin's expired Ghana passport and his birth certificate. Doc. 9 at 6. Further, as attested by the deportation officer, the Ghana Embassy has a record of completing travel-document interviews and accepting flights with Ghana citizens. Doc. 9 at 6-7.

In February 2024, after conducting a 90-day custody review, ICE issued a decision to continue detention because Edwin's removal to Ghana is likely in the reasonably foreseeable future. Doc. 9 at 32. In May 2024, following a second interview, ICE again continued his

---

[1] Online court documents, of which the Court takes judicial notice, are accessible on the Dallas County website at Dallas County | Online Record Search (last accessed on Sep. 17, 2024).

detention.  Doc. 9 at 36, 40.  ICE concluded that (1) Edwin is a major flight risk because of his criminal history and continued violation of U.S. immigration laws; and (2) his "removal is highly likely in the reasonable [sic] foreseeable future."  Doc. 9 at 40.

In his petition, Edwin alleges that his detention violates 8 U.S.C. § 1231(a)(6) because removal is not likely in the near future.  Doc. 3 at 6.  Further, he alleges that his prolonged detention violates his due process rights by denying him of his liberty.  Doc. 3 at 6.

Upon review of the instant habeas petition, the Court finds that Edwin has failed to meet his initial burden under *Zadvydas v. Davis*.  Therefore, his habeas petition should be denied.

## II. ANALYSIS

### A. Applicable Law

The detention, release, and removal of aliens subject to a final order of removal is governed by 8 U.S.C. § 1231.  That statute provides that the Attorney General shall remove the alien within 90 days, during the pendency of which the alien shall be detained.  8 U.S.C. § 1231(a)(1)(A), (a)(2).  However, if the alien is not removed within the initial 90-day period, certain aliens—including those removable under 8 U.S.C. § 1227(a)(1)(C), like Edwin—may be detained beyond that time.  8 U.S.C. § 1231(a)(6) ("An alien ordered removed who is . . . removable under section 1227(a)(1)(C) . . . may be detained beyond the removal period . . . .").[2]

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the United States Supreme Court addressed detention of aliens beyond the initial 90-day period under 8 U.S.C. § 1231(a)(6).  The Court held that § 1231(a)(6) detention may not continue indefinitely, and that six months, counted from the

---

[2] Respondents mistakenly cite to 8 U.S.C. § 1227(a)(2)—removal based on a criminal offense. Doc. 8 at 3.  As noted above, the IJ ordered Edwin removed because of a violation of his nonimmigrant-status rather than a criminal offense.  Doc. 9 at 19-20 (citing to INA § 237(a)(1)(C)(i), also found at 8 U.S.C. § 1227(a)(1)(C)).

date the order of removal becomes final, is a presumptively reasonable period of detention to secure an alien's removal from the United States. *Zadvydas*, 533 U.S. at 700-01. After the expiration of six months, if "the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. The Supreme Court emphasized that the "6-month presumption . . . does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* "[I]f removal is reasonably foreseeable, the habeas court should consider the risk of the alien's committing further crimes as a factor potentially justifying confinement within that reasonable removal period." *Id.* at 700.

### B. Petitioner has not met his initial burden under *Zadvydas v. Davis*.

Edwin asserts that his continued detention violates 8 U.S.C. § 1231(a)(6). Doc. 3 at 6. He argues that his removal is unlikely in the reasonably foreseeable future because (1) he is not a Ghanaian citizen and (2) the Belgium Consulate has not issued travel documents. Doc. 4 at 4.

Edwin offers nothing beyond his conclusory statements suggesting that his removal is not significantly likely in the reasonably foreseeable future. First, despite his assertions to the contrary here, Edwin conceded that he is a citizen of Ghana when an ICE officer first interviewed him at the Dallas County Jail in March 2023. Doc. 9 at 15. Moreover, the travel-document request sent to the Ghana Embassy included a copy of Edwin's expired Ghana passport, which is strong proof of his Ghanaian citizenship.[3] Doc. 9 at 6. Further, Edwin's

---

[3] *See Passport Application*, Embassy of Ghana Wash. D.C., USA, https://ghanaembassydc.org/passport/ (last visited Sept. 26, 2024) ("Issued to Ghanaian citizens

argument that the Belgium Consulate has not issued a travel document is of no moment. As noted previously, ICE is seeking to remove Edwin to Ghana—not Belgium. Doc. 9 at 40.

Likewise, Edwin's conclusory assertions that removal is unlikely in the reasonably foreseeable future do not suffice to meet Edwin's initial burden under *Zadvydas*. *See Andrade v. Gonzales*, 459 F.3d 538, 543-44 (2006) (holding conclusory statements are insufficient to meet an alien's initial burden of proof under *Zadvydas* or to demonstrate a constitutional violation in connection with his continued detention); *Shah v. Wolf*, No. 3:20-CV-994-C-BH, 2020 WL 4456530, at *2-4 (N.D. Tex. July 13, 2020) ("Speculation and conjecture are not sufficient to carry this burden; nor is a 'lack of visible progress' in his removal sufficient in and of itself to show no significant likelihood of removal in the reasonably foreseeable future."), *rec. accepted*, No. 3:20-CV-994-C-BH, 2020 WL 4437484 (N.D. Tex. Aug. 3, 2020). Simply put, Edwin has presented nothing concrete to suggest that ICE cannot execute his removal to Ghana in the near future.

Even under the most deferential review,[4] Edwin has not established that his detention will be of an indefinite duration as in *Zadvydas*. Contrary to the circumstances of the aliens whose detentions were considered potentially permanent in *Zadvydas*, ICE has presented strong evidence of Edwin's nationality to the Ghana Embassy and the Embassy is now attempting to verify that information. Second, ICE has taken affirmative steps to obtain travel documents— and the Ghana Embassy has not denied the request. *See Apau v. Ashcroft*, No. 3:02-CV-2652-D, 2003 WL 21801154, at *3 (N.D. Tex. July 16, 2003) ("The lack of visible progress since the INS

---

only, a Ghana passport reflects the identity of the applicant as determined by documentary evidence of citizenship and documents to support identity.").

[4] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers).

[now ICE] requested travel documents from the Ghana Consulate does not in and of itself meet [the petitioner's] burden . . . ."), *rec. accepted*, No. 3:02-CV-2652-D (N.D. Tex. Aug. 8, 2003); *Thanh v. Johnson*, No. EP-15-CV-403-PRM, 2016 WL 5171779, at *4 (W.D. Tex. Mar. 11, 2016) (denying habeas relief where ICE had requested travel documents).

Lastly, Ghana does not present an institutional barrier to Edwin's removal, as it has consistently issued travel documents and accepted flights with Ghana citizens. Doc. 9 at 7. *Compare Apau*, No. 3:02-CV-2652-D, 2003 WL 21801154, at * 3 (denying habeas relief because "Ghana accepts back its citizens who are deported from [the United States]."), *with Negusse v. Gonzales*, No. 06-1382, 2007 WL 708615, at * 3 (W.D. La. Mar. 1, 2007) (granting habeas relief where "Ethiopia [was] identified as a country that is unwilling to issue travel documents for repatriation."(citation omitted)). *See also* Doc. 9 at 7 (noting Ghana's present record of accepting Ghanaian citizens),   Thus, Edwin has not met his initial burden of establishing that his removal is not significantly likely in the reasonably foreseeable future.

### III. CONCLUSION

In sum, the Court finds no violation of Edwin's constitutional rights with respect to his continued detention.[5]  Thus, Edwin's petition for writ of habeas corpus should be **DENIED** and this case should be **DISMISSED WITHOUT PREJUDICE**.

**SO RECOMMENDED** on October 10, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[5] Because Edwin does not meet his initial burden, the Court does not reach his due process claim.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).